I concur in the majority's decision to reverse appellant's conviction and enter a final judgment of acquittal. I write separately only to note I believe the majority's reference/reliance on the municipal court's holding in State v.Neftzer (1992), 62 Ohio Misc.2d 384, is incomplete and inapplicable to the case sub judice.
The majority cites Neftzer for the proposition, "Appellant has a constitutionally protected privilege not to permit a police officer to enter his home to make a warrantless arrest of a third person." (Majority Opinion at 5). The actual first headnote inNeftzer reads:
 Defendant had constitutionally protected privilege not to permit law enforcement officers entry of his residence, without search warrant and absent exigent circumstances, to serve arrest warrant on nonresident
third party and thus was exempt from prosecution for obstruction of justice. R.C. 2901.01(L), 2921.31.
(Emphasis added).
In the case at bar, it is undisputed Michael Whiting resided in appellant's residence. Accordingly, the holding in Neftzer is inapposite to the proposition for which it is cited by the majority.
JUDGE WILLIAM B. HOFFMAN.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Municipal Court of Licking County, Ohio, is reversed, and pursuant to app. R. 14, final judgment of acquittal is entered.